In re: BAY HARBOUR ASSOCIATES, L.P., Busy Bee Associates, L.P., Huntington Square Associates, L.P., Rochester Associates, L.P., Doyle Realty, L.L.C., Verleye & Jericho Associates, L.P., Debtors.

Bay Harbour Associates, L.P., Huntington Square Associates, L.P., Rochester Associates, L.P., & Verleye & Jericho Associates, L.P. Debtors–Appellants,

v.

Luk–Shop LLC, Appellee.

In re: Bay Harbour Associates, L.P., Busy Bee Associates, L.P., Huntington Square Associates, L.P., Rochester Associates, L.P., Doyle Realty, L.L.C., Verleye & Jericho Associates, L.P., Debtors.

Bay Harbour Associates, L.P., Huntington Square Associates, L.P., Rochester Associates, L.P., & Verleye & Jericho Associates, L.P. & Riverwood La Place Associates, L.P. Debtors–Appellants,

v.

Leucadia National Corporation, Leucadia, Inc., and Luk– Shop LLC, Appellees.

In re: Bay Harbour Associates, L.P., Busy Bee Associates, L.P., Huntington Square Associates, L.P., Rochester Associates, L.P., Doyle Realty, L.L.C., Verleye & Jericho Associates, L.P., Debtors.

Ronald Pecunies, Jack Easa, and Easa Easa, Appellants,

v.

Leucadia National Corporation, Leucadia, Inc., and Luk– Shop LLC, Appellees.

Nos. 02–5025, 02–5027, 02–5033.

United States Court of Appeals, Second Circuit.

Jan. 23, 2003.

**22**

Michael Brofman, Braverman Warfield, LLP, New Hyde Park, NY, for Appellants.

Martin J. Bienenstock, Weil, Gotshal & Manges, LLP, New York, NY, for Appellee.

Matthew Dollinger, Braverman Warfield, LLP, New Hyde Park, NY, for Appellants.

Gerald Stein, Weil, Gotshal & Manges, LLP, New York, NY, for Appellees.

Eric Snyder, Pryor & Mandelup, LLP, Westbury, NY, for Appellants.

Martin J. Bienenstock, Weil, Gotshal & Manges, LLP, New York, NY, for Appellees.

PRESENT: PARKER, STRAUB, and SACK, Circuit Judges.

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 23rd day of January, Two Thousand and Three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgments of said district court be and they hereby are AFFIRMED.

In three related cases, 02–5025, 02–5027, and 02–5033, debtors-appellants Bay Harbour Associates, Inc., Huntington Square Associates, L.P., Rochester Associates, L.P., and Verleye & Jericho Associates, L.P., (collectively "the Debtors"), and certain of their equity holders, appeal the March 22 and 26, 2002 judgments and orders of the U.S. District Court for the Eastern District of New York (Denis R. Hurley, Judge), affirming the judgments and orders of the Bankruptcy Court (Melanie L. Cyganowski, Bankruptcy Judge) regarding an expensive contract and foreclosure dispute in the midst of the Debtors' Chapter 11 proceedings.

This court reviews the district court's action de novo, giving the same deference to the bankruptcy court decision as the district court owed. "Because the district

court acted as an appellate court in a bankruptcy case, its decision is subject to plenary review." *Schneiderman v. Bogdanovich (In re Bogdanovich),* 292 F.3d 104, 109 (2d Cir.2002). As a result, "[w]e accept [the bankruptcy court's] factual findings unless clearly erroneous, but review [the court's] conclusions of law de novo." *Bell v. Bell (In re Bell),* 225 F.3d 203, 209 (2d Cir.2000).

At their core, 02–5025 and 02–5027 involve a contract interpretation dispute which we believe the district court resolved correctly in favor of appellee Leucadia and its affiliate Luk–Shop in both cases. As Debtors were about to default on a cross-collateralized debt to another creditor of approximately $92 million, Leucadia purchased the notes and entered the contractual agreement with Debtors which is now at issue. The parties agreed that the debt would be refinanced and Luk–Shop would receive approximately $45 million from that refinancing; and also that the Debtors' Assets would be transferred into a joint venture held equally between Debtors and Luk–Shop. If this restructuring did not occur by December 15, 1999, the agreement further provided that Leucadia could exercise any rights and remedies to recover on the debt.

When the refinancing and lump sum payment did not take place, case 02–5027 ensued and Leucadia asserted a right to the properties in their entirety, while Debtors argued that Leucadia was bound by the agreement to consensually foreclose on the debtors' assets and convey them to the joint venture. Each party cited separate sections of the agreement in support of its claims.

It is a "cardinal principle of contract construction that a document should be read to give effect to all its provisions and to render them consistent with each oth-

er." *Mastrobuono v. Shearson Lehman Hutton, Inc.,* 514 U.S. 52, 63, 115 S.Ct. 1212, 131 L.Ed.2d 76 (1995). "All provisions of a contract be read together as a harmonious whole, if possible." *Kinek v. Paramount Communications, Inc.,* 22 F.3d 503, 509 (2d Cir.1994). The district court agreed with Leucadia and Luk–Shop that under the agreement, read as a whole, the Debtors had no right to consensual foreclosure absent new financing, and because the deadline had passed, Leucadia was free to pursue any remedy available to it under the notes it had purchased. We agree.

Because of the failure to obtain refinancing and restructure, under the terms of the agreement, no joint venture or special relationship between the parties came into existence. In case 02–5025, we agree with the bankruptcy court's view that the equity holders and insider creditors had no rights to a fund unconditionally set aside for outsider creditors like Leucadia. With respect to the remainder of the Debtors' arguments, in light of our resolution of 02–5027, it is clear that Debtors' obligation to Leucadia, secured by all of Debtors' assets, substantially exceeded the value of the assets. Under the plan confirmed by the bankruptcy court and subsequently consummated, Leucadia took title to those assets; nothing remains. Therefore, a remand of this case for further litigation, given that it seems clear the Debtors can receive no further relief, would be inappropriate. *Cf. In re Chateaugay,* 10 F.3d 944, 949–50 (2d Cir.1993) (concluding that when a plan of reorganization has been substantially consummated, an appeal from confirmation is moot if it would be inequitable to grant the relief requested).[1]

The final case, 02–5033, is brought by equity holders of the Debtors, claiming that Leucadia is receiving excessive compensation for its claim under the plans. In

---

**1.** Debtors' counsel conceded at argument that

the Debtors' non-recourse loan arguments

view of the lack of any objection to the property values adopted by the bankruptcy court, there is no basis to conclude that the court's decision to forgo a valuation hearing and use figures which had been agreed upon by all parties constituted error, or that the appellants are being treated unfairly and in violation of 11 U.S.C. § 1124.

We therefore affirm for substantially the same reasons as were set forth by the district court in all three cases.

The judgments of the district court are AFFIRMED.

---

were not raised below to either the bankruptcy court or the district court. Accordingly, these arguments are waived and will not be

considered on appeal. *See In re Blackwood Associates, L.P.,* 153 F.3d 61, 67 (2d Cir. 1998).